IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dr. Betty J. Hines,<br><br>    Plaintiff,<br><br>v.<br><br>Richland School District One, Mr. Craig Witherspoon, Dr. Jennifer Coleman, Mrs. Marylin Davis,<br><br>    Defendants. | Case No.: 3:20-cv-1334-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the May 11, 2021 Report and Recommendation of United States Magistrate Judge Paige J. Gossett (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 66]. In the Report, the Magistrate Judge recommends that Defendants' motion for judgment on the pleadings, ECF No. 49, be granted. *Id.* Plaintiff filed timely objections to the Report, ECF No. 79, and Defendants replied, ECF No. 80. The matter is ripe for ruling. For the reasons outlined herein, the Court adopts the Report in its entirety.

**BACKGROUND**

In the Report, the Magistrate Judge set forth the background of this action thoroughly. The Court adopts this background in full. Plaintiff, in her objections, provided a "contribution to background information." [ECF No. 79, pp.2-3]. The background information Plaintiff provides does not contradict the Report, and the Report considers most of what Plaintiff describes in her objections. However, Plaintiff offers two additions to the factual background that go beyond what is already acknowledged in the Report.

1

First, Plaintiff clarifies that she has not worked for Richland One School District since approximately October or November of 2019. *Id.* at 2. She did not sign an employment contract for the 2019-2020 school year, nor did she sign an employment contract for the 2020-2021 school year. *Id.* Second, Plaintiff states that her attempts to effect service on the school district were frustrated by the COVID-19 pandemic. *Id.* The Court considers Plaintiff's contribution to the factual background in its review.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments

from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Plaintiff dedicates the majority of her objections to reasserting arguments from the pleadings and fails to direct the Court to a specific error in the Report. A specific objection to a Magistrate's report requires more than a reassertion of arguments from the pleadings, *Workman* 2017 WL 4791150, at *1, and a specific objection must direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations, *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Generously construing Plaintiff's objections, the Court can identify three objections that are arguably specific enough to warrant *de novo* review.[1] Plaintiff contends the Magistrate Judge erred by:

---

[1] The Court undertakes this *de novo* review out of an abundance of caution and in accordance with the general principle favoring the generous construction of a *pro se* litigant's filings. Plaintiff's objections are general, conclusory, and fail to identify specific errors as to the facts or law upon which the Magistrate Judge relied. Accordingly, the Court is only required to review the Report for clear error. *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47.

1. Finding that certain claims were time-barred, ECF No. 79, p.2;

2. Recommending the dismissal of Plaintiff's race discrimination claims, *id* at 3-4; and

3. Finding Witherspoon, Coleman, and Davis are not subject to individual liability, *id* at 4.

The Court will review these portions of the Report *de novo*.

I. **The Magistrate Judge correctly found that any claims Plaintiff seeks to raise under the ADEA for alleged adverse acts prior to August 23, 2018 are time-barred.**

Before filing suit under the ADEA, a plaintiff must exhaust her administrative remedies by bringing a charge with the Equal Employment Opportunity Commission ("EEOC") or the South Carolina Human Affairs Commission ("SCHAC"). *See Brandford v. Shannon-Baum Signs, Inc.*, 519 F. App'x 817, 819 (4th Cir. 2013). In South Carolina, the charge must be filed within 300 days after an "alleged unlawful employment practice" occurred. 29 U.S.C. § 626(d)(1)(B). The failure to file a timely administrative charge bars the claim in federal court. *See, e.g., Gerald v. Mann & Hummel*, No. 4:20-CV-2556-CMC-KDW, 2021 WL 1394728, at *3 (D.S.C. Feb. 9, 2021), *report and recommendation adopted*, No. 4:20-CV-2556-CMC, 2021 WL 869704 (D.S.C. Mar. 9, 2021).

Here, Plaintiff filed her EEOC charge on June 29, 2019. [ECF No. 1-1, p.13]. Accordingly, any claims arising from alleged adverse acts prior to August 23, 2018, are time-barred. 29 U.S.C. § 626(d)(1)(B). In her objections, Plaintiff offers no argument to the contrary, save for a conclusory statement that "all applicable deadlines were met." *See* [ECF No. 79, p.2]. Plaintiff's objection is therefore overruled. The Court hereby adopts the Magistrate Judge's finding that any claims Plaintiff seeks to raise under the ADEA for alleged adverse acts prior to August 23, 2018 are time-barred.

## II. The Magistrate Judge correctly found that any Title VII claims are precluded in this lawsuit.

Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the Equal Employment Opportunity Commission ("EEOC") or the South Carolina Human Affairs Commission ("SCHAC"). *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). The failure to file an administrative charge bars the claim in federal court. *See Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (holding that Title VII's charge-filing requirement is mandatory).

Plaintiff failed to file an administrative charge with respect to any discrimination proscribed by Title VII. *See* [ECF No. 1-1, p.13] (alleging discrimination based on only the ADEA). Any Title VII claims are therefore precluded in this lawsuit. *See Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1998) (affirming dismissal of Title VII claims where the EEOC charge mentioned age but not any characteristics protected by Title VII). Plaintiff's objection to dismissal of her racial discrimination claims is overruled. The Court hereby adopts the Magistrate Judge's finding that Plaintiff's claims under Title VII are precluded in this lawsuit.

## III. The Magistrate Judge correctly found that Defendants Witherspoon, Coleman, and Davis are not subject to individual liability.

Employees are not liable in their individual capacities for Title VII or ADEA violations. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 178 (4th Cir. 1998); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). The Magistrate Judge properly determined that Defendants Witherspoon, Coleman, and Davis should be dismissed on the independent basis that these individuals are not subject to liability under Title VII or the ADEA. Plaintiff's objection does not address this matter of black-letter law. Instead, she re-alleges these individual employees' alleged acts of

discrimination.  Accordingly, the objection is overruled, and the Court hereby adopts the Magistrate Judge's finding.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report.  After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation, ECF No. 66, and incorporates it by reference herein.  For the reasons discussed above and in the Report, Defendants' motion for judgment on the pleadings, ECF No. 49, is GRANTED.

    IT IS SO ORDERED.

July 14, 2021  
Florence, South Carolina

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge